TWIN DISC, INCORPORATED, a
Wisconsin Corporation,
Plaintiff,

v.

Frank LOWELL, a resident of the
State of New York,
Defendant.

No. 73-C-93.

United States District Court,
E. D. Wisconsin.

Nov. 5, 1975.

Supplemental Order Nov. 12, 1975.

See also, 2 Cir., 527 F.2d 767.

Richard S. Gibbs, Gibbs, Roper & Fifield, Milwaukee, Wis., for plaintiff.

James A. Hemmer, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Counsel for the defendant named above has filed a motion to dismiss this action. He contends that the issues presented in the complaint are barred by the provisions of Rule 13(a) of the Federal Rules of Civil Procedure (Rule 13 (a)) because, in accordance with that rule, it was necessary that said issues be raised and resolved as compulsory counterclaims in a prior action in the United States District Court for the Eastern District of New York. The plaintiff here was the defendant there and the defendant here was the plaintiff. *See: Lowell v. Twin Disc, Inc.,* Case No. 72–C–1582 (E.D.N.Y., Order entered March 28, 1975).

Despite the fact that said prior suit was begun in the Supreme Court of Suffolk County, New York, it is clear that the timely removal thereof to the United States District Court caused the Federal Rules of Civil Procedure to become controlling. *See, e. g., TPO Inc. v. Federal Deposit Insurance Corporation,* 487 F.2d 131 (3d Cir., 1973). The Court will thus proceed to determine whether defendant's counsel is correct in his assertions, or whether this action may continue in whole or in part.

## I

From a reading of the pleadings, briefs, and other written documents that constitute the record in this case, it appears that the following facts constitute the background to this litigation:

Sometime during the year 1967, plaintiff Twin Disc, Incorporated (Twin Disc) entered into negotiations with the defendant Frank Lowell for the sale of stock of Lem Instruments Corporation (Lem). Lowell and one Robert Everett, not a party here, were the sole stockholders of Lem. As a result of these negotiations, certain written agreements were signed on or about July 3, 1968. By virtue of these agreements, Twin Disc agreed to purchase the Lem stock then held by Lowell and Everett, and permit Lowell to acquire stock in Twin Disc; Lem agreed to hire Lowell for a period of seven years beginning July 3, 1968; and Twin Disc agreed to guarantee performance by Lem under the terms of the aforementioned contract of employment.

In accordance with their respective commitments, Twin Disc acquired the outstanding stock of Lem, and Lowell acquired stock in Twin Disc and became President and General Manager of Lem. It is apparent that this relationship was found to be unsatisfactory because, on October 8, 1972, Lowell was discharged. Subsequent to that discharge, three suits were commenced, including the action at issue here.

The first of the suits described above was filed by Lowell against Twin Disc in the Supreme Court of Suffolk County, New York. It was subsequently removed to the United States District Court for the Eastern District of New York. The complaint in that action charged that Lem had breached its employment agreement with Lowell, and sought damages from Twin Disc as the guarantor of that contract.

A second suit was commenced by Lowell in the Supreme Court of Suffolk County, New York, against Lem. The complaint in that action essentially asserted the allegations raised in the original action against Twin Disc, but sought

damages from Lem in connection with the breach of the employment contract.

The third suit was brought in this Court by Twin Disc against Lowell. The complaint, filed February 27, 1973, asserts in Count I that damages are due as a result of conduct of the defendant that is alleged to be in violation of 15 U.S.C. § 77q, the Securities Exchange Act of 1934, and Rule 10b–5 of the Rules of the Securities and Exchange Commission promulgated thereunder. Count II charges the defendant with breach of the employment contract with Lem by virtue of certain intentional and negligent conduct, and seeks additional damages as a result thereof.

After the commencement of the three actions described above, it appears that the following events took place:

(1) On March 30, 1973, counsel for defendant Lowell filed a motion to dismiss the Wisconsin federal suit, or for summary judgment therein, on the ground that all matters presented were barred by the provisions of Rule 13(a).

(2) An amended complaint was filed in the action pending in the Eastern District of New York, apparently in response to the motion to dismiss. In essence, the breach of contract claim raised by Twin Disc in Count II of the complaint in this Court was added as a counterclaim there.

(3) On April 1, 1975, judgment was entered on the merits of Lowell's claims in the New York federal action; plaintiff Lowell was thereby denied leave to amend his complaint, and defendant Twin Disc was granted summary judgment. The complaint was ordered dismissed on the basis of a plea of res judicata, the Court finding that Lowell's claim against Twin Disc was barred because Twin Disc was in privity with Lem and because a jury in the New York state suit had determined that Lem was not liable to Lowell for any breach of the contract of employment. *See, Lowell v. Twin Disc, Inc., supra.*

(4) By letter dated July 31, 1975, counsel for Twin Disc informed this Court that leave had been granted to withdraw the counterclaim from the New York federal suit. By letter dated August 18, 1975, counsel for Lowell informed this Court that the decision in the New York action was being vigorously appealed to the United States Court of Appeals for the Second Circuit.

To summarize the foregoing, it appears that both of the two suits commenced by Lowell in New York have passed their respective trial stages. The issues confronting this Court thus concern the question of whether Twin Disc may now proceed with either or both of the two counts of the complaint pending here. Counsel for defendant Lowell stands on his motion to dismiss the action: he claims that each issue raised in this Court is barred by the provisions of Rule 13(a) in that, as compulsory counterclaims, they could be heard, if at all, only in the New York federal suit. Counsel for plaintiff Twin Disc disputes these arguments and urges that this Court proceed to deny the motions to dismiss and for summary judgment, and hear the case on the merits. For reasons to be articulated in this opinion, the Court finds that dismissal is appropriate at this time.

## II

Rule 13(a) of the Federal Rules of Civil Procedure reads in pertinent part as follows:

> *"(a) Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Simply stated, the problem before the Court at this time is whether the claims in the complaint at issue here arose out of the same transactions or occurrences as those with which the New York federal suit was concerned. This Court finds that they do.

Prior to the enactment of Rule 13(a) in its present form, the United States Supreme Court held the word "transaction" to be one of a flexible meaning which, for purposes of compulsory counterclaims, could encompass a series of occurrences with a logical connection. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). It appears that this is the general rule to be followed in construing Rule 13(a) at this time. *Baker v. Gold Seal Liquors,* 417 U.S. 467 at note 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974).

While a variety of standards have been utilized to define the terms "transaction or occurrence" for purposes of Rule 13(a), it is generally thought that a compulsory counterclaim is any claim that a party has against an opposing party that is "logically related" to the claims being asserted by said opposing party and is not within an exception listed in the text of Rule 13(a) itself. *See,* 6 Wright & Miller, Federal Practice and Procedure: Civil § 1410 (1971 ed.).

In accordance with the foregoing, this Court must proceed to determine whether the issues raised in the complaint in this action logically relate to those presented by Lowell in his New York federal suit by virtue of their common origin. *Cf. Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd,* 503 F.2d 1193 (10th Cir., 1974). There is no claim that the issues raised by Twin Disc were not mature when the New York federal suit was pending; no party suggests that any exception listed in the text of Rule 13(a) is applicable. *Cf.*

*Chapin and Chapin, Inc. v. McShane Contracting Co., Inc. etc.,* 374 F.Supp. 1191 (W.D.Pa., 1974).

## III

The Court would first deal with Count II of the instant complaint; as noted above, it charges that damages are due as a result of certain negligent and intentional conduct on the part of Lowell during the course of his employment at Lem.

A review of the claims presented by Lowell in the suit removed to federal court in New York reveals that said claims were directly concerned with the particulars of his conduct at Lem and the propriety of his termination. *See, Lowell v. Twin Disc, Inc., supra.* Because Count II of this complaint concerns those same occurrences, and is logically related thereto, it may not be litigated here. By the dictates of Rule 13(a), such issues were to be determined, if at all, in the suit brought to the United States District Court for the Eastern District of New York. Counsel for Twin Disc appears to have acknowledged this fact when an amended answer was filed to present what is Count II here as a counterclaim there. Counsel should not have requested that said counterclaim be withdrawn.

## IV

The Court would next deal with Count I. As noted above, it charges that defendant Lowell violated certain anti-fraud provisions of the Securities Exchange Act of 1934 by virtue of his statements and conduct in connection with the sale of securities effected in 1968. The Court finds that the issues raised by these allegations concern transactions and occurrences that were before the Court in the Eastern District of New York. For this reason, this portion of the complaint must be dismissed as well.

A reading of the six paragraphs that constitute Count I demonstrates that certain material misrepresentations are alleged to have been perpetrated during the course of the negotiations leading to the contracts signed in July of 1968. These misrepresentations allegedly include statements regarding past and future profit figures and sales projections of Lem, as well as statements regarding the capability of the defendant in particular to develop additional products and markets for Lem, yet all are concerned with the negotiations leading to the contracts that were later consummated. It seems apparent that these are the very negotiations that were at issue in the Eastern District of New York.

It nowhere appears that the negotiations that were conducted by these parties were in any way bifurcated; the complaint itself asserts at paragraph 11 that the employment contract at issue in New York was ". . . part and parcel of the [stock] acquisition agreement . . ." The Court cannot hold that the transactions and occurrences upon which these two federal suits were based are so logically or factually divergent as to require that defendant's motion for dismissal be denied. *Cf. Tasner v. Billera,* 379 F.Supp. 809 (N.D. Ill., 1974). In addition, because the capabilities of defendant Lowell as an individual are challenged in the charges listed in Count I, his activities during the course of his employment at Lem may very well come into question. In this circumstance, the action in this Court would take on even more of the characteristics of the one that has been litigated in the Eastern District of New York. Such would appear to lend further support to a decision to order dismissal.

After thorough review of the written record in this matter, and for the reasons stated above, the Court concludes that the charges made by Twin Disc in Count I of the complaint currently at issue were logically related to the transactions and occurrences at issue in the prior New York federal suit such as to warrant a ruling that they were compulsory counterclaims there. As a matter of waiver and estoppel, such claims may not be litigated now. *See,* 6 Wright & Miller, *supra,* Civil § 1417 at p. 96.

It is clear that the fragmentation of litigation and multiplicity of suits illustrated by the course of conduct undertaken by Twin Disc here are principal targets at which the provisions of Rule 13(a) are aimed. *See, Southern Construction Co., Inc. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); *United States for Use and Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Company,* 430 F.2d 1077, 1082 (2d Cir., 1970), *cert. denied,* 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971).

## V

For the reasons set out in the foregoing memorandum opinion, the motion to dismiss the complaint, filed on behalf of defendant Lowell, is hereby granted

## SUPPLEMENTAL ORDER

Upon review of the memorandum and order of dismissal entered in the above-entitled action on November 5, 1975, and in light of the provisions of Rule 41(b) of the Federal Rules of Civil Procedure concerning a dismissal wherein it is not specified whether such dismissal is to be with or without prejudice, and pursuant to the authority provided by Rule 60(a) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that the dismissal of this action, as ordered on November 5, be and is WITHOUT PREJUDICE.